JUDGE BERMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
YAAKOV KATZ

                Plaintiffs,　　　　　　　　11 CIV 2319

                              COMPLAINT

v.

THE SCHREIBER LAW FIRM, LLC
                Defendant.
------------------------------------------------------X

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant The Schreiber Law Firm, LLC ("Schreiber"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper under 28 U.S.C. §1391 because:

      a. Defendant does business within this District.

5. Plaintiff, Yaakov Katz, is an individual who resides in New York.

6. Defendant, Schreiber, is a foreign limited liability corporation chartered under Indiana law with offices at 53 Stiles Road, Suite A102 in Salem, New Hampshire, 03079.

7. Defendant collects debts that are in default.

8. Defendant collects debts for others.

9. Defendant is a debt collector as defined in the FDCPA.

## FACTS

10. On or about December 14, 2010, plaintiff was sent the collection letter attached as Exhibit A, bearing Schreiber's name.

11. In sending Exhibit A, defendants sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal hotel vacation.

12. Exhibit A conveys "If you *notify us* within said 30 days that the debt, or any portion therof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you". **(Emphasis Supplied)**

## VIOLATIONS ALLEGED

13. Exhibit A violates 15 U.S.C. §§1692 and 1692g.

14. Section 1692g provides:

### VALIDATION OF DEBTS

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector ***in writing*** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(Emphasis Supplied)**

15. Under the FDCPA, the "in writing" requirement is significant because written notification imposes a statutory duty to respond while oral notification does not.

16. The FDCPA holds debt collectors strictly liable for their actions.

17. Intentional conduct on the part of debt collectors is not necessary to show a violation of the FDCPA.

18. Validation requirements are strictly construed under the least sophisticated consumer standard.

19. Because of Schreiber's failure to convey, as the statute directs, that the dispute needed to be in writing in order to obtain verification, or a copy of the judgment, Schreiber is liable to plaintiff for damages as directed by the FDCPA (§1692k).

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and against the defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: New York, New York
March 2, 2011

                                           **The Law Offices of Shimshon Wexler, PC**

                                           By: _____
                                                Shimshon Wexler (SW0770)
                                                Attorney for Plaintiff
                                                2710 Broadway, 2nd Floor
                                                New York, New York 10025
                                                Tel: (212)760-2400
                                                Fax: (917)512-6132
                                                swexler@collectorabuselaw.com


## NOTICE OF ASSIGNMENT

Please be advised that all rights and privileges relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler

4

# EXHIBIT A

# SCHREIBER
## LAW FIRM, LLC

### ATTORNEYS AT LAW

*EFFECTIVE LEGAL SOLUTIONS TO MODERN BUSINESS PROBLEMS*

53 STILES ROAD • SUITE A102
SALEM, NEW HAMPSHIRE 03079
TELEPHONE (603) 870-5333
FACSIMILE (603) 870-0077

---

December 14, 2010

Katz Yaakov
17141 NE 13th Ave.
N. Miami Beach, FL

Re: Rio Properties, Inc. Hotel - Our File No.: 3670898
Total Now Due: **$168.00**

Dear Katz Yaakov:

The Schreiber Law Firm concentrates in representing financial institutions in the area of creditor's rights. In this regard, this firm represents the above-named who has placed this matter, in reference to an original account with Rio Properties, Inc. Hotel for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

### CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)

You are hereby given notice of the following information concerning the above referenced debt. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this firm. If you notify us within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you. In addition, upon your request within said 30 days, this firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.

### THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

If you have any questions regarding this matter, please contact this office at 603.893.1903 or toll free at 1.800.423.8142 between the hours of 8 A.M. (EST) and 5:30 Monday through Friday.

Very truly yours,

THE SCHREIBER LAW FIRM, LLC.

---

INDIANA • MASSACHUSETTS • NEW HAMPSHIRE • NEW YORK • WASHINGTON, D.C.